IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CECILIA CATHERINE TRENTMAN,  Plaintiff,  vs.  KEN SALAZAR,[1] SECRETARY, U.S. DEPARTMENT OF THE INTERIOR, et al.,  Defendants. | **REPORT & RECOMMENDATION**  Case No: 2:08-CV-864 TC  District Judge Tena Campbell  Magistrate Judge David Nuffer |

Plaintiff Cecilia Catherine Trentman filed suit against the Secretary of the Interior alleging employment discrimination based on age and national origin.[2] In addition to the Secretary, Trentman named as defendants Gene Terland, Wayne Garner, Randy Trujillo, Shelley Smith, Patrick Madigan, Cherie Gleed, Barbara Morissey, Sally Wisely, and Rose Suazo ("individual defendants"), who, according to the complaint, are employees of the Department of the Interior and the Bureau of Land Management. The individual defendants have filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(5).[3] After considering the submissions of the parties, the court concludes that Trentman's claims against the individually named defendants should be dismissed.

---

[1] Ken Salazar is substituted for Dirk Kempthorne pursuant to Fed. R. Civ. P. 25(d).

[2] Complaint at 4.

[3] Docket no. 7, filed April 13, 2009.

## DISCUSSION

**Section 1981**

In her complaint, Trentman cites 42 U.S.C. § 1981 as a basis for this court's jurisdiction. As defendants argue, however, Trentman cannot succeed on a claim under section 1981 because Title VII of the Civil Rights Act of 1964 "provides the exclusive judicial remedy for claims of discrimination in federal employment."[4] By its very terms, section 1981 applies only to private and state employment,[5] while Trentman's claims are against a federal employer. In her response to the motion to dismiss, Trentman has not addressed this issue and apparently concedes the point.

**Proper Defendants Under Title VII and the ADEA**

Defendants also correctly point out that the only proper defendant in a federal discrimination claim under Title VII is the head of the agency or department[6]  The same is true under the ADEA.[7] Therefore, the individually named defendants are not proper defendants under either Title VII or the ADEA, and Trentman's claims against them should be dismissed.

---

[4] *Brown v. GSA*, 425 U.S. 820, 835 (1976); see 42 U.S.C. § 2000e-16.

[5] "The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law."  42 U.S.C. § 1981(c).

[6] 42 U.S.C. § 2000e-16(c); *Wilder v. Marsh*, No. 90-2272, 1991 WL 145349, at *2 (10th Cir. Aug. 1, 1991) (unpublished) (citing *Owens v. United States*, 822 F.2d 408, 410 (3d Cir. 1987)).

[7] *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986); *Misner v. Potter*, No. 2:07-CV-330 TS, 2008 WL 410128, at *3 (D. Utah Feb. 12, 2008) (unpublished); *McCoin v. Secretary of Veterans Affairs*, No. 92-4104, 1996 WL 772602, at *1 (D. Kan. Dec. 20, 1996), *aff'd*, 132 F.3d 43 (10th Cir. 1997).

**Failure to Timely Serve the Individual Defendants**

Dismissal is also proper because Trentman failed to serve the individual defendants within 120 days of filing the complaint as required by the Federal Rules of Civil Procedure.[8] Trentman apparently attempted service on the individual defendants by mail which is not a proper method of service under Rule (4)(e) unless it is permitted by the law of the state where the district court is located or where service is made.[9] Most of the individual defendants reside in Utah while others reside in Colorado, Montana, and Wyoming.  An examination of the applicable rules of civil procedure show that the manner of service attempted here would not be effective in any of those states.[10]  Under Utah law, service by mail requires that each individual defendant sign a document indicating receipt.[11]  Trentman asserts that she sent "affidavits" to each of the individual defendants to be signed and notarized and returned to the court.  She further represents that all of the defendants except the Secretary and Defendant Wayne Garner have forwarded their affidavits to the court.[12]  Even assuming, however, that the "affidavits" would satisfy the Utah requirement of a signed document, an examination of the docket reveals that no "affidavits" or other documents signed by the individual defendants have been filed. Although the court could grant Trentman additional time to serve the defendants, an extension of time is not warranted given that the individuals are not proper defendants in the first instance.

---

[8] Fed. R. Civ. P. 4(m).

[9] Fed. R. Civ. P. 4(e)(1).

[10] See Colo. R. Civ. P. 4(e), (f); Mont. R. Civ. P. 4(D)(1)(b)(i); Wyo. R. Civ. P. 4(d)(1).

[11] Utah R. Civ. P. 4(d)(2)(A).

[12] Trentman's response to the motion to dismiss at 1, docket no. 16, filed June 5, 2009.

Accordingly, Trentman's claims against the individual defendants are subject to dismissal under Rule 12(b)(5) for insufficient service of process.

As the government observes, Trentman appears to be confused about the effect of dismissing the individual defendants from this suit. She states: "Naming the individual defendants is ***crucial*** to proving the Plaintiff's charge of illegal discrimination. These individuals all play a part in this case."[13] The court notes that the dismissal of these individuals as defendants does not preclude Trentman from presenting evidence concerning their roles in the alleged discrimination. Defendant Salazar, the only proper defendant, has been served and has filed an answer to the complaint. Trentman's claims may therefore proceed.

## RECOMMENDATION

The only proper defendant in this case is the Secretary of the Department of the Interior. Accordingly, the motion to dismiss filed by the individually named defendants should be **GRANTED**.[14]

## NOTICE TO THE PARTIES

Within 14 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections. A party may respond to another party's objections within 10 days after being served with a copy thereof. The rules provide that the district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific

---

[13] *Id.* (emphasis in original).

[14] Docket no. 7, filed April 13, 2009.

written objection has been made in accordance with this rule.  The district judge may accept, reject or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.  Failure to file written objections may constitute a waiver of those objections on subsequent appellate review.

     February 6, 2010.

                      BY THE COURT:

                      _____
                      David Nuffer
                      U.S. Magistrate Judge