IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CECILIA CATHERINE TRENTMAN,<br><br>Plaintiff,<br><br>v.<br><br>KEN SALAZAR, Secretary, U.S. Department of the Interior,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S RULE 15, MOTION TO AMEND PLEADINGS**<br><br>Case No. 2:08-CV-00864-TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Pro se plaintiff Cecilia Catherine Trentman's (Trentman) Rule 15 Motion to Amend Pleadings[1] is referred to the magistrate judge.[2] After carefully reviewing the filings, Trentman's Motion is DENIED.

## BACKGROUND

In 2004, Trentman held a temporary position with the Bureau of Land Management facility in Salt Lake City, Utah.[3] When a permanent job opened in the same office, Trentman applied for the job and received an interview, but was not selected for the position.[4] Believing she was not hired due to discrimination, Trentman pursued administrative remedies with the Equal Employment Opportunity Commission arguing that "she was discriminated against based on her national origin (Hispanic) and age (63) when . . . she was not referred to the selecting

---

[1] Rule 15, Motion to Amend Pleadings (Motion to Amend), docket no. 31, filed April 12, 2010.

[2] Order of Reference, docket no. 3, filed November 13, 2008.

[3] Decision of the U.S. Equal Employment Opportunity Commission (EEOC Decision) at 1, attached as Exhibit 1 to Complaint, docket no. 1, filed November 10, 2008.

[4] Complaint at 4–5.

official" and did not receive the job.⁵ In November of 2008, Trentman filed suit in federal court alleging:

> 6. The discriminatory acts which are the basis of this suit are:
>    d. Other acts – *Failure by the panel to refer my application to the selecting official, resulting in non-selection for the GS-260-13. Exhibits 2 and 4 discuss the application further.*
> 7. Defendant's conduct is discriminatory with respect to:
>    e. *My national origin, and*
>    f. *My age.*⁶

On the basis of age discrimination, Trentman invoked the Age Discrimination in Employment Act (ADEA),⁷ and she also brought a Title VII⁸ claim to contest discrimination on the basis of national origin.⁹ On April 12, 2010, Trentman filed a motion to amend her complaint, seeking "that the following pleading be added to the issues of age and national origin discrimination: Hostile Work Environment."¹⁰

## DISCUSSION

Under Rule 15 of the Federal Rules of Civil Procedure, parties are allowed to amend their pleadings once within 21 days of serving the original pleading or being served with a responsive pleading.¹¹ Unless the other party grants permission, however, once the 21-day deadline has passed, "a party may amend its pleading only with . . . the court's leave."¹² Courts are instructed to "freely give leave when justice so requires,"¹³ because "[i]f the underlying facts or

---

⁵ EEOC Decision at 1.

⁶ Complaint at 4 (emphasis added).

⁷ Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34.

⁸ Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e –2000e-17.

⁹ Complaint at 2.

¹⁰ Motion to Amend.

¹¹ Fed. R. Civ. P. 15(a)(1).

¹² Fed. R. Civ. P. 15(a)(2).

¹³ *Id.*

circumstances relied upon by a plaintiff may be a proper subject of relief, [the plaintiff] ought to be afforded an opportunity to test his claim on the merits."[14] When the law or the underlying facts would preclude relief under the proposed amendment, however, amendment is futile and the court need not permit it.[15]

In this case, the 21 day deadline has long passed.[16] Defendant opposes the amendment,[17] and the court finds that the amendment would be futile on both jurisdictional and factual grounds.

## Jurisdiction

Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII and the ADEA. This pre-requisite for Title VII claims arises under 42 U.S.C. § 2000e-16 which authorizes individuals to file a civil action "if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint.[18] Regarding discriminatory employment actions, "each discrete incident of such treatment constitutes its own 'unlawful

---

[14] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[15] *Id.*; *Hertz v. Luzenac Group*, 576 F.3d 1103, 1117 (10th Cir. 2009); *Grossman v. Novell, Inc.*, 120 F.3d 112, 1126 (10th Cir. 1997).

[16] Defendant's Answer, docket no. 9, filed April 13, 2009, was filed a year before Trentman submitted her Motion to Amend on April 12, 2010.

[17] *See* Memorandum in Opposition to Plaintiff's Rule 15, Motion to Amend Pleadings, docket no. 34, filed April 20, 2010.

[18] *Brown v. General Services Administration*, 425 U.S. 820, 832 (1976) ("Section 717(c) permits an aggrieved employee to file a civil action in a federal district court to review his claim of employment discrimination. Attached to that right, however, are certain preconditions. Initially, the complainant must seek relief in the agency that has allegedly discriminated against him."); *Shikles v. Sprint/United Management Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) ("Unlike many other circuits, we have held that a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under Title VII—not merely a condition precedent to suit."); *Sommatino v. U.S.*, 255 F.3d 704, 707 (10th Cir. 2001) ("In order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies.").
    A similar restriction is imposed on ADEA claims. *See Shikles v. Sprint/United Management Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) ("Because the ADEA and Title VII have virtually identical requirements with respect to the filing of EEOC charges our holdings on the jurisdictional effect of Title VII filings determine the jurisdictional effect of ADEA filings. As a result, we hold that a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under ADEA.") (citations omitted).

employment practice' for which administrative remedies must be exhausted."[19] Trentman pursued discrimination claims with the Equal Employment Opportunity Commission, but only in relation to not being "referred to the selecting official" and not being "selected pursuant to merit promotion certificate BLM-Merit-2003-0065."[20] Because Trentman did not bring claims about a hostile work environment in the administrative forum, this court does not have jurisdiction to hear those claims.

## Factual Support

The original complaint fails to allege any facts that might support a hostile work environment claim, and the motion to amend does not supply any additional details. Under Rule 8 of the Federal Rules of Civil Procedure, pleadings must include "a short and plain statement of the claim showing that the pleader is entitled to relief."[21] The court cannot entertain a legal claim without being informed of at least some facts which might support it. In this instance, Trentman has not provided any factual basis for the desired amendment.

---

[19] *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (quoting *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110–13 (2002)).

[20] EEOC Decision at 1.

[21] Fed. R. Civ. Pro. 8(a)(2).

ORDER

IT IS HEREBY ORDERED that Trentman's Rule 15, Motion to Amend Pleadings[22] is DENIED.

Dated this 28th day of June, 2010.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[22] Rule 15, Motion to Amend Pleadings, docket no. 31, filed April 20, 2010.